GILCHRIST FORDNEY CO. *v.* EZELLE *et al.**

[106 So. 269. No. 25288.]

(Division B.   Dec. 14, 1925.)

1. TENANCY IN COMMON. *Purchase by cotenant inures to benefit of all other cotenants.*

   One cotenant cannot purchase to the exclusion of the other cotenants property in which they have a common interest. Such purchase inures to the benefit of all the other cotenants.

2. PARTITION. *In partition suit, court should allow purchaser from cotenant, who bought common property at trustee's sale, sum received by cotenant for timber and expended by him in discharging incumbrances against common property.*

   In a case where one cotenant purchased at a trustee's sale the common property of all the cotenants and sells the timber growing on the land so purchased for a given sum of money which is used in discharging the debts against the common property, a court should allow the purchaser from the cotenant who bought at the trustee's sale the sum so received and expended in discharging such incumbrances to the vendee of such purchasing cotenant in a partition suit.

---

*Headnotes 1.   Tenancy in Common, 38 Cyc., p. 40; On right of former cotenant to acquire title in his own right through or under a purchaser at a sale under a title or interest paramount to the common title, see note in 37 L. R. A. (N. S.) 831; 7 R. C. L., p. 858; 2 R. C. L. Supp. 467; 5 R. C. L. Supp., p. 427; 2. Partition, 30 Cyc., p. 231.

APPEAL from chancery court of Smith county.

HON. D. M. RUSSELL, Chancellor.

Suit by George Ezelle and others against the Gilchrist Fordney Company for partition. From an adverse

judgment, defendant appeals. Affirmed in part, and reversed in part and remanded.

*T. J. Wills,* for appellant.

No land is involved in this suit, but only the timber, as we submit that Gilchrist Fordney Co., the appellant, holds the absolute title to the said timber.

B. F. Ezelle at his death left his widow, and nine minor children who were living in this home on which the Bank of Forest held a deed of trust, and the family had nothing with which to pay the deed of trust it looked as if they would lose their home and be turned out on the world. This was a distressing situation. Mrs. Ezelle realized that something must be done to save the home for herself and the children. And what could she do? She testified that they had lost two crops, and that the place was going down and she had no money to pay the deed of trust held by the bank. She was the mother of nine minor children, who had to have some place to live. She was the head of the family, whose duty it was to provide a home for the said children. The truth is that Mrs. Ezelle did what we think the law not only authorized her to do, but even required her to do; namely, to sell the timber, pay the mortgage and save their home. It will be remembered that she testified that she used every dollar of the money that she received from the sale of the timber to pay the mortgage on the home and some other debts which Mr. Ezelle owed at the time of his death; also that she and her children received every benefit of every dollar received from the sale of the timber.

It has been the settled law in Mississippi, for all time, that a co-tenant or a tenant-in-common is entitled to be reimbursed by the other tenants for all expenditures on the premises made by him for improvements and for taxes, etc. *Tucker* v. *Dean,* 2 Miss. Dec. 660; *Bennett* v. *Bennett,* 84 Miss. 493, 36 So. 452. And this is the general law of the country.

The general law everywhere is that persons acting as a trustee for others must act in any given instance as any reasonable man would act about his own affiairs. 26 R. C. L., page 1281, par. 131; *Joor* v. *Williams,* 38 Miss. 546; *Corley* v. *Bishop,* 58 So. 360.

The complainants waited more than thirteen years before they took any action whatsoever to attack the sale made by their mother; and hence, by their own acquiescence they ratified and approved and are now estopped from attacking the sale; *Scott* v. *Freeland,* 7 S. & M. 409 and cases there cited.

*Tullos & Martin* and *Hughes, Noble & Lane,* for appellees.

The only question to be decided is whether or not a cotenant can purchase the outstanding title and set it up as against the other co-tenants. It seems to us that it is settled in this state by a long and unbroken line of decisions that a co-tenant who purchases the outstanding title purchases it for all his co-tenants, and whatever title he acquired thereby inures at once to their benefit. This has been the law in this state for all time and there appears to be no exception to this rule, unless the other co-tenants by their conduct or acts work an equitable estoppel. There is no contention on the part of the appellant that an estoppel has been worked by the other co-tenants, either by their conduct or by the circumstances surrounding the case.

The case of *Dickerson* v. *Weeks,* 106 Miss. 804, 64 So. 731, is more nearly in point with the case at bar than any other reported case from our state. There a wife was the owner of the land on which she had given a deed of trust, and after her death the deed of trust was foreclosed and the husband attempted to buy it and set up title as against his children. This the court held he could not do. See also; *Smith* v. *McWhorter,* 74 Miss. 400, 20 So. 870; *Wyatt* v. *Wyatt,* 82 Miss. 227, 32 So. 317; *Walker* v. *Williams,* 84 Miss. 297, 36 So. 450; *Beaman* v. *Bea-*

*man,* 90 Miss. 762, 44 So. 290; *Watson* v. *Vinson,* 108 Miss. 600, 67 So. 61.

Counsel for appellant in the case at bar charges that the appellees waited an unreasonable time before filing this bill. In the *Dickerson case, supra,* the court held that nine years was not an unreasonable time, and in fact, held that the lapse of time was no bar.

We concede the contention of counsel for appellant that one co-tenant is entitled to be reimbursed for all expenditures made by him for improvements, taxes, and the protection of the common property. The decree in this case provides a lien for the *pro rata* payment of the amount paid by Mrs. Ezelle at the trustee's sale. The improvements, taxes, rents, profits, etc., will be taken care of in the final decree in this matter.

Equity required some other course than the one Mrs. Ezelle pursued. It was her first duty to protect the interest of her minor children in this estate, rather than to acquire the title for herself. Counsel for appellant suggests that she was trustee for her children. We do not so think. And the many cases we have found in point do not hold one similarly situated to be a trustee.

ETHRIDGE, J., delivered the opinion of the court.

B. F. Ezelle in his lifetime owned a certain tract of land in Smith county, a part thereof being in cultivation and a part being timber land. Some time prior to his death, he incumbered this land to a bank at Forest, Miss. After his death the deed of trust became due and payable. There were two years of crop failure or shortage, and his wife and children were unable to pay the deed of trust off from the proceeds of the crops. The deceased left a wife and nine children. The bank transferred the deed of trust to another, who proceeded to foreclose at a trustee's sale, at which sale the widow appeared and bid the amount of the incumbrance and the expenses for the property, amounting to three hundred fifteen dollars total. The property was conveyed to

her. In order to pay this amount and some other debts owing by the decedent, including the funeral expenses, the widow sold the timber for six hundred twenty-five dollars, with which she paid off the deed of trust and some of the debts owing by the decedent, using all of the six hundred twenty-five dollars for that purpose. By subsequent conveyances the property was conveyed to the Gilchrist Fordney Company, a corporation. Before this last company purchased the property, a proceeding was instituted in the chancery court to confirm the title; but the children of the deceased were not parties thereto, although they lived at the time upon the property with their mother. A decree confirming the title as against other parties not parties to this suit was entered, and the appellant thereupon paid for the timber conveyed to it. All this occurred prior to 1912.

In 1920 the children of the decedent brought the present suit for a partition, setting up that the defendant owned a one-tenth interest by means of a conveyance from their mother. The defendant set up the facts above stated, and that it was entitled to all of the timber by reason of such purchase. The chancellor found for the complainants, adjudging that the appellant had a one-tenth interest in the property and was entitled to be reimbursed for the three hundred fifteen dollars and interest paid in discharging the deed of trust, with interest thereon, but did not allow anything for the balance of the six hundred twenty-five dollars expended in discharging the debts, including the funeral expenses of the deceased. The chancellor held that the purchase by the wife at the trustee's sale was a purchase for the benefit of the other cotenants; that as against them she did not acquire title, and that her sale only conveyed her personal interest plus the amount of money received and expended in discharging the incumbrance. The deceased owned two hundred forty acres of land at the time of his death, and the testimony shows that the widow paid out all of the six hundred twenty-five dollars in discharg-

ing the debts due by the deceased which would have to be discharged out of his property above his exemption.

We think the chancellor correct in holding that the purchase by the widow inured for the benefit of all of the tenants in common, but inasmuch as she obtained the six hundred twenty-five dollars for the sale of the timber, on the belief and under the theory that she was conveying a good title thereto, and that she used this money in discharging debts which the estate would have to pay, we think the chancellor should have charged the property with this six hundred twenty-five dollars with interest, instead of the three hundred fifteen dollars. To this extent the decree of the chancellor will be reversed and decree here for this amount in favor of the appellant, in addition to the one-tenth interest. In other respects the judgment of the chancellor will be affirmed and the cause remanded.

*Affirmed in part; reversed in part, and remanded.*